UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION

MARISSA WELLS, et al.                                                                    PLAINTIFFS

VS.                                                      CIVIL ACTION NO. 3:12cv212-DPJ-FKB

MICHELIN NORTH AMERICA, INC., et al.                                       DEFENDANTS

ORDER

This products-liability case is before the Court on Plaintiffs' Motion to Remand [7]. Defendants Michelin North America, Inc. and Graco Children's Products, Inc., jointly responded in opposition to Plaintiffs' remand motion. Defendant Tanja Wells filed a separate remand response, to which Michelin and Graco ("Defendants") seek leave to respond. The Court, having considered the parties' submissions and the applicable law, concludes that Plaintiffs' motion to remand should be granted and Defendants' motion [59] seeking leave to respond should be denied. The case will therefore be remanded to the Circuit Court of the First Judicial District of Hinds County, Mississippi.

I.      Facts and Procedural History

This case arises from a single-vehicle accident that occurred on Interstate 220 in Jackson, Mississippi. The driver of the vehicle, Tanja Wells, experienced a blowout of one of her tires, lost control, and crashed in the median of the highway. According to the Complaint, two passengers died as a result of the wreck: eight-month-old Trinity Wells, the daughter of Tanja Wells and Cedrick Lowery; and three-year-old Kendria Wells, Tanja Wells's niece and the daughter of Derrick and Marissa Wells.

Plaintiffs filed suit in their individual and representative capacities in the Circuit Court of the First Judicial District of Hinds County, Mississippi, in November 2011 asserting negligence

claims against Tanja Wells for failing to control the vehicle after the blowout. Plaintiffs also sued Michelin, the alleged manufacturer of the blown-out tire, and Graco, the alleged manufacturer of Trinity Wells's child-safety seat. Defendants removed the case to this Court under 28 U.S.C. § 1332's diversity jurisdiction, and assert that complete diversity exists because Plaintiffs improperly joined nondiverse defendant Tanja Wells. Following removal, Plaintiffs moved to remand the case to state court, but Defendants sought and Magistrate Judge F. Keith Ball granted limited remand-related discovery on the question whether Tanja Wells was joined solely with the intention of defeating federal jurisdiction. Order [16] Apr. 27, 2012.

At the close of the discovery period, Defendants responded in opposition to Plaintiffs' remand motion relying almost entirely on a theory of collusion between Plaintiffs and Tanja Wells as the basis for improper joinder. More than one week after her deadline had passed, and near-concurrently with Plaintiffs' reply, Tanja Wells filed a separate response in opposition to the remand motion. In actuality, however, this filing was more responsive to arguments and accusations raised by Defendants in their response. Thereafter, Defendants sought leave to respond to Tanja Wells's response, which Tanja Wells opposed.

II.     Analysis

    A.     Improper Joinder

In their notice of removal, Defendants state two reasons that Tanja Wells is improperly joined. The first—that Plaintiffs fail to state a claim for negligence against Tanja Wells—lacks merit and has not been pursued in opposition to Plaintiffs' remand motion. Defendants focus instead on their second argument, that Plaintiffs colluded with Tanja Wells to defeat federal jurisdiction and lack a good-faith intent to recover from her. Defendants also contend that

Plaintiffs are procedurally barred from recovering from Tanja Wells.  The Court will address both contentions.

        1.      Subjective Intent

In their principal argument for improper joinder, Defendants assert that Plaintiffs colluded with Tanja Wells to sue her solely to defeat diversity jurisdiction and with no good-faith intent to recover from her.  Defendants support their inference of collusion with substantial circumstantial evidence developed during remand-related discovery.  Though not cataloged in this Order, Defendants' proof could support a finding that Plaintiffs colluded with Tanja Wells and have no intent to secure a judgment against her.  But the question is whether such proof matters.

The statute governing removal to federal court specifies that suits lacking a federal question "may not be removed if any of the parties in interest *properly* joined and served as defendants is a citizen of the State in which such action is brought."  28 U.S.C. § 1441(b)(2).  Thus, an improperly joined defendant will not defeat federal diversity jurisdiction.  "The burden of demonstrating improper joinder is a heavy one and is placed on the party seeking removal."  *Lorenz v. Tex. Workforce Comm'n*, 211 F. App'x 242, 245 (5th Cir. 2006) (citing *McDonal v. Abbott Labs.*, 408 F.3d 177, 183 (5th Cir. 2005)).

What constitutes an improperly joined party has not always been consistently stated.  *Travis v. Irby*, 326 F.3d 644, 647 (5th Cir. 2003).  Though various articulations have emerged, the Fifth Circuit resolved the matter in *Smallwood v. Illinois Central Railroad*, adopting two tests for improper joinder: "'(1) actual fraud in the pleading of jurisdictional facts, or (2) inability of the plaintiff to establish a cause of action against the non-diverse party in state court.'"  385 F.3d

568, 573 (5th Cir. 2004) (en banc) (quoting *Travis*, 326 F.3d 646–47).  Defendants do not suggest improper joinder based on either of these tests, arguing instead that proof of collusion creates a third avenue to federal subject-matter jurisdiction.

The Fifth Circuit has never sanctioned the subjective-intent collusion test Defendants suggest.  For this reason, Defendants rely on language from a 1921 Supreme Court opinion and two district court decisions.  First, in *Wilson v. Republic Iron and Steel Co.*, the Supreme Court noted that the defendant was joined "without any reasonable basis in fact and without any purpose to prosecute the cause in good faith."  257 U.S. 92, 98 (1921).  But this rather old statement does not support creation of an additional test, especially when the unrebutted notice of removal in *Wilson* asserted the nondiverse defendant "was not in any degree whatsoever responsible" for plaintiff's injuries.  *Id.* at 94, 98.  Further, the Fifth Circuit has previously recognized *Wilson* in its improper-joinder jurisprudence, and Defendants have not presented any reasoned basis for reinterpreting that case now to discern a subjective test for improper joinder.  *See Bobby Jones Garden Apartments, Inc. v. Suleski*, 391 F.2d 172, 176 (5th Cir. 1968) (citing *Wilson*, 257 U.S. 92).

Defendants then cite two decisions from this district.  *See Gray v. Border Exp. Servs., Ltd.*, No. 2:11-cv-128-KS-MTP, 2012 WL 12385, at *5 (S.D. Miss. Jan. 3, 2012) (denying remand motion upon finding collusion and lack of intent to secure judgment against nondiverse defendant); *Joe v. Minn. Life Ins. Co.*, 257 F. Supp. 2d 845, 850 (S.D. Miss. 2003) (same).  And while those cases support Defendants' contention, *Joe* was decided before *Smallwood*, and *Gray* relies on *Joe*.  Moreover, the position is not unanimous in this district.  *See Jamison v. Kerr-*

4

*McGee Corp.*, 151 F. Supp. 2d 742, 747 (S.D. Miss. 2001) (granting remand motion and holding that subjective intent is not considered under Fifth Circuit precedent).

Though the Court has some misgivings, it will follow *Jamison* and find that the test for improper joinder does not consider the motives of the charging party. To begin with, *Smallwood* was intended to be the definitive statement on removal. 385 F.3d at 573 ("To reduce possible confusion, we adopt this phrasing . . . and reject all others, whether the others appear to describe the same standard or not." (Footnote omitted)). And though *Smallwood* is not directly on point, it conflicts with an intent-based test in three ways. First, *Smallwood* noted, "we have recognized two ways to establish improper joinder." *Id.* *Smallwood* makes no reference to the third way Defendants urge. Second, when considering an improper-joinder argument in the context of the second test—inability to establish a cause of action—the court held that "the motive or purpose of the joinder of in-state defendants is not relevant." *Id.* at 574. That observation conflicts with a stand-alone test based purely on the plaintiff's motive and purpose. Finally, adopting this test would frustrate the policy considerations *Smallwood* addressed.

On this last point, *Smallwood* noted that most remand motions should be decided based on the averments of the complaint under a Rule 12(b)(6)-type analysis. *Id.* at 573. "Summary inquiry is appropriate only to identify the presence of *discrete and undisputed* facts that would preclude recovery against the instate defendant." *Id.* at 573–74 (emphasis added) (footnote omitted). Thus, the aim is a procedure that is "simple and quick." *Id.* at 574; *see Kemp v. CTL Distribution, Inc.*, 440 F. App'x 240, 244 (5th Cir. 2011) ("The en banc Court in *Smallwood* cautioned that this is a 'simple and quick' inquiry, and that the 'motive or purpose of the joinder of in-state defendants is not relevant.'" (citation omitted)); *Smallwood*, 385 F.3d at 578 (Jolly, J.,

5

dissenting) ("The subjective intent of the plaintiff is irrelevant; instead, our precedent, unequivocally and without exception, has evaluated claims of fraudulent joinder with a simple, well-understood, objective two-prong test . . . ." (citations and footnote omitted)). The *Smallwood* approach therefore offers a threshold screening process that is generally predictable and avoids sustained and substantive detours in federal court. Yet the analysis presented in this and similar cases is anything but "simple and quick," requiring extensive discovery—as it has in this case—followed by analysis of disputed rather than undisputed facts. 385 F.3d at 573–74.

Finally, although *Smallwood* supplants previous articulations of the test, the Fifth Circuit did reject a similar intent-based test in *Parks v. New York Times Co.*, holding as follows:

> On the strength of these authorities, and for the purposes of this case, we take the rule to be that there can be no fraudulent joinder unless it be clear that there can be no recovery under the law of the state on the cause alleged, or on the facts in view of the law as they exist when the petition to remand is heard. One or the other at least would be required before it could be said that there was no real intention to get a joint judgment, and that there was no colorable ground for so claiming.

308 F.2d 474, 478 (5th Cir. 1962) (citing *Chi, Rock Island & Pac. Ry. V. Schwyhart*, 227 U. S. 184 (1913)).[1] Other district courts have reached similar conclusions. *See Ample Bus. Invests., L.P. v. Am. States Ins. Co.*, Civil Action No. H-10-0802, 2010 WL 1737114, at *3 (S.D. Tex. Apr. 28, 2010) ("[T]he proper test for improper joinder is the one articulated in *Smallwood*, . . . . [and w]hether the plaintiff actually intends to pursue claims against the instate defendant is merely a subset of that test."); *Washington v. Ernster*, 551 F. Supp. 2d 568, 571, 573–74 (E.D. Tex. 2007) (rejecting assertion of collusive joinder and, attempts to realign parties post-removal

---

[1] *Parks* also conflicts with Defendants' unsupported contention that Tanja Wells is judgment proof and therefore not a proper party. *Id*. ("The motive for joining such a defendant is immaterial, even when the defendant is judgment-proof." (citations and quotations omitted)).

to create federal jurisdiction, and remanding the case for lack of complete diversity); *Moody Nat'l Bank of Galveston v. St. Paul Mercury Ins. Co.*, 193 F. Supp. 2d 995, 1000 (S.D. Tex. 2002) ("[F]raudulent intent may be probative of fraudulent joinder, [but] the appropriate and exclusive method for discerning fraudulent joinder, as expressly and repeatedly sanctioned by the Fifth Circuit, depends . . . upon a thoughtful examination of Plaintiff's causes of actions and Plaintiff's possibility of recovering under each."). *But see Moreaux v. State Farm Mut. Auto Ins. Co.*, No. 09-396, 2009 WL 1559761, at *5 (W.D. La. June 3, 2009) (citing *Joe* and finding improper joinder where plaintiffs never served nondiverse defendant, same attorney represented plaintiffs and nondiverse defendant, and nondiverse defendant did not raise valid and obvious defense).

In sum, the Court is troubled by the circumstantial evidence Defendants have compiled, which at least suggests ethical concerns. Yet the Court concludes that the test for improper joinder is more narrow than Defendants urge. *See Campbell v. Stone Ins., Inc.*, 509 F.3d 665, 669 (5th Cir. 2007) ("The doctrine of improper joinder is a 'narrow exception' to the rule of complete diversity, and the burden of persuasion on a party claiming improper joinder is a 'heavy one.'" (quoting *McDonal*, 408 F.3d at 183)). And while concerns remain, they are lessened to some extent by recent amendments to the removal statute allowing Defendants to again seek a federal forum if the case later becomes removable and Plaintiffs acted in bad faith. *See* 28 U.S.C. § 1446(c)(1) ("A case may not be removed under subsection (b)(3) on the basis of jurisdiction conferred by section 1332 more than 1 year after commencement of the action, *unless the district court finds that the plaintiff has acted in bad faith in order to prevent a defendant*

*from removing the action.*" (emphasis added)); *see also Tedford v. Warner-Lambert Co.*, 327 F.3d 423, 428–29 (5th Cir. 2003).

        2.        Procedural Defect

Defendants also argue that Lowery's claims must be dismissed because he cannot sue on behalf of Trinity Wells due to defects in his paternity status.  *See* Miss. Code Ann. § 91-1-15(3)(c).  Whether this defense is sufficient to bar Lowery's claims, Plaintiffs Derrick and Melissa Wells's claims are an independent basis for joining Tanja Wells in the suit.  *See Gray ex rel. Rudd v. Beverly Enterprises-Miss., Inc.*, 390 F.3d 400, 412 (5th Cir. 2004) ("[T]he existence of even a single valid cause of action against in-state defendants (despite the pleading of several unavailing claims) requires remand of the entire case to state court." (citations omitted)). Defendants have therefore failed to carry their burden to show improper joinder in this case.

    B.    Motion for Leave to Respond

Defendants requested leave to respond to Defendant Tanja Wells's response to Plaintiffs' remand motion.  Although Tanja Wells's motion is in actuality more responsive to Defendants' assertions, Defendants seek to respond in an effort to bolster the collusion argument that the Court has rejected.  The Court therefore denies Defendants' motion for leave to serve a response.

III.    Conclusion

The Court has considered all of the parties' arguments.  Those not addressed would not change the result.  For the foregoing reasons, Plaintiffs' Motion to Remand [7] is granted. Defendants' Motion for Leave to Serve a Response to the Response of Tanja Wells [59] is denied.  This case is hereby remanded to the Circuit Court of the First Judicial District of Hinds County, Mississippi.

**SO ORDERED AND ADJUDGED** this the 23rd day of January, 2013.

                                                s/ *Daniel P. Jordan III*
                                                UNITED STATES DISTRICT JUDGE